UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


ROBERT AUTHOR MILLER

    Plaintiff,

v.                                          3:06-cv-154

HAMBLEN COUNTY JAIL and
SHERIFF OTTO PURKEY,

    Defendants.


## **MEMORANDUM AND ORDER**


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee.[1] Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. For the following reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Plaintiff submitted his complaint before the filing fee increased from $250.00 to $350.00.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff's complaint concerns his transfer from the Hamblen County Jail to the Jefferson County Jail, and the refusal of the Hamblen County Jail to take him back.[2] Plaintiff also complains of the conditions of his confinement in the Jefferson County Jail. Plaintiff does not claim to have filed any grievances concerning his claims nor has he provided the court with copies of any grievances. Under the circumstances, plaintiff has not shown that he has exhausted all available remedies. Accordingly, his complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Hamblen County Jail, he is herewith assessed the civil filing fee of $250.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

---

[2] Since this action was filed, plaintiff has been returned to the custody of the Hamblen County Jail.

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of two hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Sheriff of Hamblen County, Tennessee, and the county attorney for Hamblen County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

    s/ Thomas W. Phillips
    United States District Judge